IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **HAROLD BOULER JR.,**<br>   **Plaintiff,**<br>v.<br><br>**SOUTH EAST CLIENT SERVICES INC., d/b/a**<br>**SOUTH DISTRICT GROUP,**<br>   **Defendant.** | ) JURY TRIAL DEMANDED<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Harold Bouler, an individual consumer, against Defendant, South East Client Services, Inc., d/b/a South District Group, for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, including violations of 15 U.S.C. § 1692c(c).

### II.  JURISDICTION AND VENUE

2. Personal jurisdiction exists over Defendant, South East Client Services, Inc., d/b/a South District Group, as the Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's

specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

3. Venue is proper as Defendant, does business in this judicial district.

### III.   PARTIES

4. Harold Bouler (hereinafter "Plaintiff") is a natural person residing in Marengo County, Alabama. For the purposes of the claims asserted herein, Plaintiff is, and at all relevant times was, a "consumer" as explicitly defined by the Fair Debt Collection Practices Act (FDCPA), pursuant to 15 U.S.C. § 1692a(3).

5. Upon information and belief, South East Client Services, Inc., d/b/a South District Group (hereinafter "Defendant"), is a debt collection agency with its principal place of business located in Georgia. Defendant's primary and principal business purpose is the collection of defaulted debts, and it uses various instruments of interstate commerce to accomplish debt collection activities including mail, email, telephone, other methods of communication, filing of lawsuits, credit reporting, etc.

### IV.   FACTS OF THE COMPLAINT

6. Plaintiff allegedly incurred a "debt" that was primarily for personal, family, or household purposes as defined by the FDCPA, 15 U.S.C § 1692a(5).

7. Defendant, South East Client Services, Inc., d/b/a South District Group, is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6) and began engaging in debt collection activities against the Plaintiff.

8. At the time that Defendant received the alleged debt of Plaintiff, the alleged debt was in default.

9. On or about February 27, 2025, at 10:06 am, Plaintiff received an email from the Defendant, which stated,

> "HAROLD BOULER JR, Original Lender: Advance America, Account Number: *19595517, SDG Reference Number: 1256807, Balance Due: $502.35. This is to advise you that your account - referenced above – is delinquent and has been placed for recovery with our company. Please forward the full balance owed with a copy of this notice to ensure proper credit or call our office at 855-636-8636. This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication was sent by a debt collector from a professional debt collection agency."

10. That same date at 1:46 pm Plaintiff responded via email, clearly refusing to pay the alleged debt stating, "I will not pay this debt. I have no money"

11. Despite Plaintiff's clear refusal to pay, later that day at 2:14 pm, Defendant sent an additional email stating that they received his email and offered customizable payment options if he paid the balance.

12. Defendant had no legal right to continue to communicate with Plaintiff after he refused to pay and notified the Defendant of such refusal, however the Defendant continued to communicate with the Plaintiff regarding the alleged debt.

13. Defendant's continued collection efforts after receiving Plaintiff's refusal to pay violated 15 U.S.C. § 1692c(c), which requires debt collectors to cease communications after receiving written notice from the consumer refusing to pay the debt.

14. All of the above-described actions by Defendant and collection agents of Defendant were made in violation of the FDCPA as alleged below in the Count.

15. The conduct of the Defendant has proximately caused Plaintiff damages.

## V.    CLAIM FOR RELIEF
**(Violation of 15 U.S.C. § 1692c(c)
by South East Client Services, Inc., d/b/a South District Group)**

16. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

17. Defendant violated 15 U.S.C. § 1692c(c) by continuing to attempt to collect the debt after receiving Plaintiff's written notice refusing to pay the debt.

18. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA (and Regulation F) with respect to Plaintiff, including, but not limited to violations of 1692c, 1692c(c), 1692d, 1692e, 1692f, and 1692f(1) along with Regulation F related to these sections and communication between debt collectors (such as Defendant) and Plaintiff.

19. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages, and costs.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

**Respectfully submitted this the 30th day of June 2025.**

/s/ Noelle Sillmon
**NOELLE SILLMON**
**Counsel for the Plaintiff**
**Alabama Bar No.: 4074Y61Q**
**Legally Noelle Services, LLC.**
**P.O. Box 242141**
**Montgomery, AL 36124**
**(334) 513-1710**
legally.noelle@gmail.com